IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARTINEZ, | No. C 13-3655 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| MARION E. SPEARMAN, Warden, | |
| Respondents. | |

Petitioner, a California state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See ibid.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner has not done so. He indicates in his petition that he has not raised his claim in "any state court" (Pet. 6). He claims that this is because the federal court "retains jurisdiction" over his claim in which he purports to seek enforcement of an order issued by Judge Henderson in Case No. C 01-1351 TEH. If he seeks enforcement of an order in that case, he must seek relief via counsel in that case, not in a separate petition filed in a new case. If he believes that the legal conclusions reached in that case support a valid claim for relief for him, he must properly present such a claim to the California Supreme Court. Petitioner has also not presented any exceptional circumstances to excuse his failure to exhaust. *See Granberry*, 481 U.S. at 134. The petition is therefore **DISMISSED** without prejudice to refiling after available state judicial remedies are exhausted.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: September 24, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE